| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Eduardo Rigoberto Soto** <br> First Name   Middle Name   Last Name | Social Security number or ITIN | xxx–xx–4078 |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Claudia Soto** <br> First Name   Middle Name   Last Name | Social Security number or ITIN | xxx–xx–9850 |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Southern District of Florida** | | | |
| Case number:   **13–24825–AJC** | | | |

# Order of Discharge and Final Decree                                         12/15

A Final Report and Motion for Entry of Final Decree has been filed on behalf of the debtor reflecting that all payments under the plan have been completed and that the debtor has filed a "Debtor's Statement Re: 11 U.S.C. §522(q)(1) Applicability, Payment of Domestic Support Obligations, and Applicability of Financial Management Course and Statement Regarding Eligibility to Receive a Discharge" and the court has determined that the debtor is eligible for a discharge.

**IT IS ORDERED:**

1. A discharge under 11 U.S.C. §1141(d)(5) is granted to:

   Eduardo Rigoberto Soto                    Claudia Soto

 2. The debtor is discharged from any debt that arose before the date of confirmation of the Plan, and any debt of a kind specified in 11 U.S.C. §502(g), (h) or (i) except as provided in the Plan or in this Order; The discharge does not discharge a debtor from any debt excepted from discharge under 11 U.S.C. §523. This chapter 11 case is closed.

April 22, 2020                                                                 **By the court:** _/s/ A. Jay Cristol_

                                                                               A. Jay Cristol
                                                                               United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in an Individual Chapter 11 Case**

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 11 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**For more information, see page 2 >**

Form 3180RI (10/01/16)                    **Individual Chapter 11 Discharge**                       page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of an individual chapter 11 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**